UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DONALD HENDRICKS, Plaintiff,

v. Civil Action No. 3:20-cv-710-BJB-CHL

QUICKWAY TRANSPORTATION, INC., Defendants.
et al.

\* \* \* \* \*

**ORDER**

Plaintiff Donald Hendricks originally brought this action in Jefferson County (Ky.) Circuit Court against Defendants Quickway Transportation Inc., Paladin Capital, Inc., Chris Cannon and William Prevost for unpaid overtime wages in violation of K.R.S. § 337.285. Defendants removed the case on October 21, 2020, asserting diversity jurisdiction. 28 U.S.C. § 1446(b)(2). After Defendants Chris Cannon and William Prevost moved to dismiss the claims, but before any decision on that motion, Hendricks moved to remand the case because he contends the amount in controversy is not sufficient (not more than $75,000) for federal jurisdiction under 28 U.S.C. § 1332(a). [DN 8]. All the Defendants disagreed with Hendricks's amount-in-controversy computation and opposed a return to state court. Even accepting their invitation to examine the potential value of Hendricks' attorney-fee request in addition to his claims for unpaid wages and liquidated damages, the Court concludes the amount in controversy remains too low to support federal-court jurisdiction and grants Hendricks's motion to remand.

\* \* \*

A case removed to federal court on the basis of diversity jurisdiction must exhibit complete diversity of citizenship between the parties (which is undisputed here), as well as an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a)(1). The removing defendant bears the burden of establishing federal court jurisdiction, and must do so by a preponderance of the evidence. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006); *Sanders v. Print Fulfillment Servs.*, 3:17-cv-245, 2017 WL 2624550, at \*2 (W.D. Ky. June 16, 2017). Movants need not prove to a legal certainty that they have satisfied the amount-in-controversy requirement. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The preponderance-of-the-evidence standard, however, requires them to support jurisdiction by producing "competent proof" of the necessary "jurisdictional facts." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); *K2 Holdings, LLC v. New Cingular Wireless*, No. 5:16-cv-134, 2017 WL 1134398, at \*3 (E.D. Ky. Mar. 27, 2017). Should any doubt remain regarding jurisdiction, federal courts must resolve them in favor of remand to state court. *See Allen v. Equitrans, Ltd.*, No. 7:18-cv-83, 2019 WL

418103, at *2 (E.D. Ky. Feb. 1, 2019) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)).

When removing an action from a Kentucky court, "the amount in controversy is frequently unclear from the face of a complaint…." *Johnson v. Hui Huliau Staffing LLC*, No. 5:20-cv-440, 2021 WL 640810, at *2 (E.D. Ky. Feb. 18, 2021); *see also Sanders*, 2017 WL 2624550, at *2. Kentucky Rule of Civil Procedure 8.01(2) actually *prohibits* a plaintiff from reciting the actual amount of unliquidated damages sought:

> "In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court…."

This state pleading rule does not, of course, prevent defendants from exercising their right to remove a controversy that is, in fact, worth more than $75,000. Congress accounted for this possibility in a provision of the removal statutes. 28 U.S.C. § 1446(c) states that:

> **(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>   **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
>     **(i)** nonmonetary relief; or
>     **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>   **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

Because Kentucky "does not permit demand for a specific sum" (at least not a sum higher than the amount necessary to establish jurisdiction) and also "permits recovery … in excess of the amount demanded" in the pleadings, Ky. R. Civ. P. 8.01(2), a federal district court facing a remand motion looks to the notice of removal in assessing its jurisdiction, 28 U.S.C. § 1446(c)(2)(A)(ii). The defendant then "must establish that, at the time of removal, it was more likely than not that the amount in controversy in this case exceeded the sum of $75,000.00," according to the preponderance of the evidence. *Sanders*, 2017 WL 2624550, at *2 (emphasis omitted).

Here, the parties address three categories of potential recovery relevant to the amount in controversy: actual or "base" damages, liquidated or "double" damages, and attorney's fees.

**Actual damages.** Hendricks's complaint alleges a single cause of action for unpaid overtime wages under KRS 337.285(1). The parties dispute the amount of unpaid wages Hendricks could or would seek to recover, assuming (as we must in examining the amount in controversy) that Hendricks ultimately shows the Defendants underpaid. Hendricks and the

Defendants appear to agree, for purposes of this motion, that the regular rate of pay Hendricks seeks is $16.03 per hour, and they agree that Hendricks claims underpayment for approximately 560 alleged overtime hours. *See* Remand Motion [DN 8-1], at 4; Defendant's Notice of Removal [DN 1] at 4.[1] On this basis, Hendricks argues the base damages would amount to $4,491.20—a far cry from $75,000.01.[2] Remand Motion at 4.

Defendants, however, contend the potential damages should rest on a higher "alternative" calculation that they assert Hendricks may ultimately pursue: 150% of Hendricks's normal rate for overtime hours, not 50%. Hendricks says he isn't and won't be seeking this amount, *see* Reply at 3, and the parties agree that he can't: any unpaid overtime hours should result in damages calculated at the unpaid 50% atop Hendricks' normal hourly rate, not 150% of that rate, *see* Response at 3 ("Defendants agree that any alleged overtime owed to Plaintiff is properly calculated at one-half of Plaintiff's regular rate of pay…."); Remand Motion at 6.

Defendants nevertheless cite *Noble v. Serco, Inc.*, No. 3:08-cv-76, 2009 WL 1811550, at *6 (E.D. Ky. 2009), in support of their argument that "it is not uncommon for the parties to disagree about whether Plaintiff's rate of pay should be calculated at half (.5) the employee's regular rate of pay, or at one and one half (1.5) times the employee's regular rate of pay," Response at 2–3.

Perhaps many parties do disagree. But these parties do not. And even if Defendants' characterization of overtime litigation is true, *Noble* hardly establishes that proposition. That decision, denying a motion to dismiss, addressed a wholly distinct FLSA issue concerning the "fluctuating workweek" method for calculating overtime: whether a plaintiff's salary was understood to compensate all his hours worked, or only his first 40 hours, in which case time-and-a-half might be due for hours that had *never* been compensated. No one argues that situation is in play here. And the Defendants have not otherwise identified any circumstances in which this Court or the Jefferson Circuit Court might order them to pay Hendricks time-and-a-half for overtime hours already paid out at Hendricks' regular hourly wage. Kentucky law, as Hendricks emphasizes, appears to prohibit this. *See* KRS 337.385 (precluding employees from recovering any portion of their wages that the employer has already paid).[3] Defendants' alternative theory therefore adds nothing in their effort to count to $75,000.01.

The choice of damages rate would make little difference in any event: Defendants' own calculation doesn't approach the § 1332 threshold, either. Even under their alternative argument,

---

[1] 560 hours is a slightly conservative number. Defendants calculate Hendricks's claim at 552 hours (69 weeks x 8 hours/week), for a base-pay amount of $4422.90. Notice of Removal at 4.

[2] *See* Remand Motion at 4 ("Plaintiff's regular hourly rate is $16.03, and his overtime rate is $24.05. Because Defendants paid Plaintiff a salary, he received his regular wage ($16.03) for all hours worked. For that reason, Plaintiff would only be entitled to recover his half-time wage ($8.02) for the overtime hours he worked every other week.").

[3] KRS 337.385 provides that "any employer who pays any employee less than wages and overtime compensation to which such employee is entitled … shall be liable to such employee affected for the full amount of such wages and overtime compensation, *less any amount actually paid to such employee by the employer*, for an additional equal amount as liquidated damages, and for costs and such reasonable attorney's fees as may be allowed by the court." (emphasis added).

the base amount of damages would reach only $15,925.20. *See* Response at 9. True, Hendricks has not submitted a stipulation binding himself to recover no more than $75,000. *See* Response at 3 n.1. But the Defendants offer no reason to doubt Hendricks's representation regarding the agreed damages rate, and the refusal to stipulate alone does not surmount the amount-in-controversy threshold. *See Shannon v. PNC Bank, N.A.*, No. 3:14-cv-421-CRS, 2015 WL 3541850, at \*3 (W.D. Ky. June 2, 2015).

**Liquidated damages.** Defendants try to make up the considerable remaining shortfall through Hendricks's claim for liquidated damages and attorney's fees. Response at 4–5. They are correct that "the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). Hendricks relies on *Torres v. State Farm* in support of a contrary rule that would exclude these amounts on the ground that such relief is permissive, not mandatory. 478 F. Supp. 2d 924, 927 (E.D. Mich. 2007). *But see Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met…as long as the claim was made in good faith."). To the extent *Torres* stood as good law on this point beforehand, that district court decision plainly cannot supersede the Sixth Circuit's subsequent decision in *Williamson*.

Even after the Court includes the claim for liquidated (double) damages for unpaid overtime that KRS 337.385 contemplates, that brings us to less than $10,000 on Hendricks's theory. (And barely more than $30,000 even on the alternative 150% theory that Defendants advance, Hendricks disavows, and the Court rejects.) That leaves a yawning gap—$66,017.61—between Hendricks's damages of $8,982.40 and the jurisdictional minimum.

**Attorney's fees.** This is a bridge too far for any attorney-fee award the Court can contemplate. KRS 337.385 allows, but does not compel, a court to award "*reasonable* attorney's fees" in an unpaid-overtime case. (Emphasis added.) Defendants cite no legal authority, and no persuasive argument, that would support the reasonableness of a $66,000 award in a four-figure, single-plaintiff wage-and-hour case.

The decisions of courts in this Circuit demonstrate a level-headed approach to the question of how much value to assign an inchoate attorney-fee demand at the time of removal. Trial judges assessing the amount in controversy exercise their discretion to reasonably estimate a plausible fee award assuming plaintiffs achieve success. *See, e.g.*, *Haggard v. Allstate Prop. & Cas. Ins. Co.*, No. 13-cv-12779, 2013 WL 12181716, at \*4 (E.D. Mich. Sept. 12, 2013). "Relevant factors providing a basis to estimate attorney fees might include the complexity of the case, the experience of the attorneys, or the amount of fees awarded in similar cases." *Heartland of Portsmouth, OH, LLC v. McHugh Fuller Law Grp.*, No. 1:15-cv-7, 2015 WL 728311, at \*3 (S.D. Ohio Feb. 19, 2015). On the one hand, a potential award of only 22 hours of attorney time at a reasonable hourly rate sufficed to increase the amount in controversy above $75,000. *See Estes v. Allstate Ins. Co.*, No. 3:12-cv-182, 2012 WL 5362193, at \*3 (W.D. Ky. Oct. 30, 2012) (denying remand motion). On the other, a deficit that would require an award of *220* hours of compensable counsel time was too much to reach $75,000. *See Mathis v. Encompass Ins. Co.*, No. 08-cv-12838, 2008 WL 4279357, at \*3 (E.D. Mich. Sept. 15, 2008) (granting remand motion).

4

Defendants' calculus relies on a $700 per hour rate spread across 62 hours. *See* Removal Notice at 6. That would not be "reasonable" award in this situation. Defendants cite an attorney-fee affidavit from plaintiff's counsel in *McKenzie v. Allconnect, Inc.*, No. 5:18-cv-359 (E.D. Ky. 2018), *see* DN 1-4, stating an hourly rate of $700 for one of the lawyers representing Hendricks in this case. That case, however, was a nationwide class action alleging a company's unauthorized release of employees' sensitive personal information. This case appears far simpler and more confined. And federal courts in and around Kentucky recently have found that hourly rates between approximately $300 and $400 represented reasonable partner rates in employment disputes.[4]

Even if plaintiffs' counsel billed all its time at a hypothetical partner rate of $400 per hour, therefore, that would require 165 lawyer hours to reach the jurisdictional minimum. Viewed another way, compensated lawyer hours would have to constitute 30% of Hendricks's alleged uncompensated overtime hours at issue in the underlying controversy—and billed at 2500% of Hendricks's alleged hourly rate as a dispatcher at Defendants' Louisville facility. Based on the record before the Court, such a fee award would hardly be reasonable, and would undoubtedly be speculative. The "presumption against removal" is not overcome by such "theoretical or speculative claims that might take the amount in controversy over the jurisdictional amount." *Suwala v. Progressive Ins. Co.*, No. 2005-cv-135, 2005 WL 2076490, at *2 (E.D. Ky. Aug. 25, 2005). The Court's assessment of the evidence and allegations regarding the amount in controversy, including the evidence regarding a hypothetical attorney-fee award that would only be granted in the Court's discretion, makes clear that this case belongs back in state court.

\* \* \*

Taking umbrage at Defendants' aggressive removal effort, Hendricks himself seeks to recover a different sort of attorney's fees. Congress allows (but does not require) district courts to award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" in "an order remanding the case." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances," however, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

While the Defendants' removal was incorrect, the Court is reluctant to conclude the motion was entirely unreasonable and deserving of a fee award. Defendants relied on an affidavit from one of Hendricks' lawyers in a federal courts in this state, albeit in an unrelated and quite different sort of case, to support the purported hourly rate of plaintiffs' counsel. They pointed to a higher assessment of actual damages that finds some mention, however tangentially, in caselaw. And Hendricks did not stipulate to a recovery below the jurisdictional threshold. This was therefore

---

[4] *See, e.g., Clark v. West Iris Transport, Inc.*, No. 18-cv-168, 2020 WL 2781601, at *5–6 (E.D. Ky. 2020) ($400/partner hourly rate and $275/associate hourly rate awarded in FLSA and Kentucky labor-law class action); *Estes*, No. 3:12-cv-182, 2012 WL 5362193, at *3 ($350 hourly rate used to determine the amount in controversy for contract and state-law wage/hour case*); Kritcher v. Prudential Sec., Inc.*, No. 19-1556, 2020 WL 548249, at *2 (6th Cir. Feb. 4, 2020) ($400/partner hourly rate and $300/associate hourly rate awarded in FLSA case after settlement).

not an *ipse dixit* removal in which defendants "produced *no evidence* to support their assertions that the amount-in-controversy requirement is satisfied." *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959–60 (E.D. Ky. 2009) (emphasis added); *see also Caudill v. Ritchie*, No. 09-cv-28, 2009 WL 1211017, at *4 (E.D. Ky. May 1, 2009).

## ORDER

The Court grants Hendricks's motion to remand, but denies his motion for attorney's fees under 28 U.S.C § 1447(c). The Court remands the case to Jefferson Circuit Court under 28 U.S.C. § 1447(c) and strikes it from the Court's docket.

Benjamin Beaton, District Judge
United States District Court

April 2, 2021

cc: Counsel and Jefferson County Circuit Court